**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Esay GUZMAN, Defendant—Appellant.**

No. 03–50239.

D.C. No. CR–02–02992–1–JKS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 2004.

Decided Feb. 18, 2004.

48

Mark R. Rehe, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Anthony E. Colombo, FDCA—Federal Defender's of San Diego, Inc., Kara Persson, San Diego, CA, for Defendant–Appellant.

Before REINHARDT, THOMPSON, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Esay Guzman was arrested when marijuana was found in the paneling of a car he

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

drove across the Mexican border into the United States. A federal grand jury indicted Guzman on charges of importation of approximately 26.7 kilograms of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and possession of the same amount of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Initial discovery took place on November 21, 2002. One of the documents produced was a copy of U.S. Customs Agent Perry's rough notes, which he took during the post-arrest interview. Soon thereafter, Guzman filed a motion to suppress all post-arrest statements, claiming a violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In particular, Guzman sought to suppress his statement to Agent Perry which revealed that he was told that marijuana was in the car. On January 9, 2003, the district court held a suppression hearing and subsequently denied Guzman's motion.

Five days after the suppression hearing and twenty-two days before trial, the government produced a second packet of discovery. This packet contained an exact duplicate of Agent Perry's rough notes, which were produced with the initial discovery, except with the words "told marij" added. Following a three-day trial, in which Agent Perry was the primary witness, a jury found Guzman guilty on both counts. The district court sentenced Guzman to 16 months in prison. Guzman appeals his conviction and sentence.

I

 Guzman argues that the government violated his right to due process, under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to provide the defense with an amended version of the rough notes taken by Agent Perry prior to the suppression hearing. "The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or the bad faith of the prosecution." *Brady*, 373 U.S. at 87. We hold that the impeachment evidence is not material under *Brady* because there is no reasonable probability that it would have altered the outcome of the suppression hearing. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Moreover, even if the evidence were material, any *Brady* violation was cured by the fact that the government's belated disclosure of the amended notes twenty-two days before trial occurred " 'at a time when disclosure would [still] be of value to the accused.' " *United States v. Gamez–Orduno*, 235 F.3d 453, 461 (9th Cir.2000) (citations omitted).

II

 Guzman contends that his Fifth and Sixth Amendment rights were violated by a communication between the prosecutor and Agent Perry during a recess between cross-examination and redirect, and, alternatively, that the district court abused its discretion in failing to conduct an evidentiary hearing on any communications that took place. We conclude that there is no constitutional prohibition against a prosecutor conferring with a state witness during a recess. Nor does the record show that conversations between the prosecutor and witness had a prejudicial effect in this case. For the same reasons, the district court's failure to order an evidentiary hearing was not an abuse of discretion: Guzman made no motion for an evidentiary hearing, and in fact only requested that the court restrict government counsel from

of this circuit except as provided by Ninth Circuit Rule 36–3.

**50**

conferring with the witness—a request that the court granted.

### III

Guzman claims that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Harris v. United States,* 530 U.S. 545 (2002), rendered the statutes under which he was convicted, 21 U.S.C. §§ 952 and 960, facially unconstitutional. As Guzman acknowledges, we are bound by our decision in *United States v. Hernandez,* 322 F.3d 592 (9th Cir.2003), which squarely addressed, and rejected, this contention.

### IV

For the foregoing reasons, we AFFIRM the decision of the district court.